**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anne Prafada, individually on her own behalf and as Guardian Ad Litem of M. a minor,<br><br>     Plaintiff,<br><br>v.<br><br>Mesa Unified School District,<br><br>     Defendant. | No. CV-18-00718-PCT DGC<br><br>**ORDER** |

Defendant Mesa Unified School District[1] moves to dismiss pro se Plaintiff Anne Prafada's complaint. Doc. 51. The motion is fully briefed, and oral argument will not aid the Court's decision. Docs. 57, 61. Defendant also moves to strike two of Plaintiff's filings (Docs. 63, 64, 65; Docs. 66, 68), and Plaintiff moves for a preliminary injunction and three-judge panel (Doc. 58). For the following reasons, the Court will grant Defendant's motion to dismiss and deny all other motions as moot.[2]

**I. Background.**

The Court takes the allegations of Plaintiff's complaint as true for purposes of a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's son, M., is eligible for special education services and attends or attended one of Defendant's schools.

---

[1] Defendant's official name is Mesa Unified School District No. 4. Doc. 51 at 1 n.1.

[2] Plaintiff's response repeatedly asserts Defendant's motion is untimely. *See, e.g.*, Doc. 57 at 13. It is not.

Doc. 25 at 10-11, 15. M. has been diagnosed with several conditions and manifests various behaviors, including depression, anxiety, attention deficit hyperactivity disorder, poor concentration, outbursts, and a need for repeated redirection. *Id.* at 15-16. On March 6, 2018, Plaintiff sued individually and on behalf of M., alleging Defendant violated her rights and M.'s right to a free appropriate public education, discriminated against M. and Plaintiff, and retaliated against M. and Plaintiff with threats of criminal prosecution. *Id.* at 10, 16-17.

## II. Legal Standard.

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Defendant's Motion to Dismiss.

Defendant argues that Plaintiff may not assert claims on behalf of M. because she is pro se and, as a non-attorney, she may not represent her son. Doc. 51 at 5. Defendant also argues Plaintiff fails to state a claim for relief. *Id.* at 1.

### A. Plaintiff's Claims on Behalf of M.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. The website for the U.S.

District Court of Arizona, to which the Court directed Plaintiff, states the relevant local rule:

> The right to appear pro se in a civil case in federal court is contained in a statute, 28 U.S.C. § 1654. Thus, anyone can appear pro se, and anyone who appears before the Court without an attorney is considered pro se. There are, however, certain limitations to self-representation, such as: . . . A non-attorney parent may not appear pro se on behalf of a child, except to appeal the denial of the child's social security benefits.

*Proceeding Without an Attorney*, United States District Court, District of Arizona (Oct. 2, 2018), http://www.azd.uscourts.gov/proceeding-without-attorney. Under the rules in this district, Plaintiff may not appear on M.'s behalf because she is not appealing a denial of social security benefits. *See* Doc. 25.

During a conference with the parties on May 3, 2018, the Court directed Plaintiff to identify authority which permits her to represent her son as a pro se litigant.[3] Plaintiff's response to Defendant's motion does not address 28 U.S.C. § 1654 or the local rule. *See* Doc. 57 at 13-17. Rather, Plaintiff cites Federal Rule of Civil Procedure 17(c) and 42 U.S.C. § 1983. Rule 17(c) lists which "representatives may sue or defend on behalf of a minor or an incompetent person." It does not contradict 28 U.S.C. § 1654 or authorize Plaintiff to sue pro se on behalf of her son. As the Ninth Circuit has noted, "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *see also Davis v. Walker*, 745 F.3d 1003, 1310 (9th Cir. 2014) ("The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit."); *cf. C.E. Pop Equity Trust v. United States*, 818 F.2d 695, 697-98 (9th Cir. 1987) ("The Trusts' reliance on [Rule 17(a)] is also misplaced. Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons 'for whose benefit the action is brought;' the rule does not warrant the conclusion that a nonlawyer can maintain

---

[3] The Court previously advised Plaintiff of resources available to pro se litigants and directed Plaintiff to consult the Federal and Local Rules of Civil Procedure. Doc. 6.

such a suit in propria persona."). Plaintiff does not explain how 42 U.S.C. § 1983 authorizes her pro se representation of M. (Doc. 57 at 13), and nothing in the statute addresses pro se representation. *See* 42 U.S.C. § 1983

Plaintiff's second amended complaint states she "brings this case on behalf of her son, M.," and cites *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Doc. 25 at 10 ¶2. *Winkelman* held that "[p]arents enjoy rights under [the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA")]; and they are, as a result, entitled to prosecute IDEA claims on their own behalf." *Winkelman*, 550 U.S. at 535. But granting a parent the right to sue on her own behalf does not authorize her to represent her child in court. The Supreme Court expressly declined to reach the question of "whether IDEA entitles parents to litigate their child's claims pro se." *Id.*

Plaintiff is not licensed to practice law. She may not represent her son in this case. The Court accordingly will dismiss all claims Plaintiff asserts on M.'s behalf. *See* Doc. 57.

**B.     Plaintiff's Individual Claims.**

Plaintiff's response repeatedly refers to her "supplemental pleading." *See, e.g.*, Doc. 57 at 5. At the conference on May 3, 2018, the Court told Plaintiff that she could not amend her complaint again before Defendant filed its motion to dismiss her second amended complaint. "In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint[.]" *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (internal citations omitted). Thus, while the Court will apply less stringent pleading standards to Plaintiff, *see Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007), the Court will not consider her allegations in other documents.

Rule 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). Rule 8(d)(1) requires pleading averments to be "simple, concise, and direct." Plaintiff's sixty-four page complaint fails to comply with Rule 8. Plaintiff cites dozens of state and federal statutes and cases with interwoven factual allegations, making difficult Defendant's and

the Court's task of identifying her claims. *See* Doc. 25. The Court will discuss the claims Defendant identifies in its motion and claims Plaintiff identifies in her response, but the Court will not write Plaintiff's complaint for her. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir.2008) ("The court may dismiss a complaint for failure to satisfy Rule 8 if it is so confusing that its 'true substance, if any, is well disguised.'"); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir.1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice[.]").

### 1. 42 U.S.C. § 1983.

Plaintiff's complaint refers to 42 U.S.C. § 1983 several times. *See, e.g.*, Doc. 25 at 7, 25. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

To state a claim under § 1983, Plaintiff must allege that an individual acting under color of state authority violated her constitutional rights or a federal law. Additionally, a local governmental entity cannot be liable under § 1983 on a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff must show a policy, practice, or custom of Defendant which permitted the alleged constitutional violation to occur. *See Christie v. Iopa*, 176 F.3d 1231, 1234-35 (9th Cir. 1999). Alternatively, Plaintiff can show that the government official: "(1) had final policymaking authority

concerning the action alleged to have caused the particular constitutional or statutory violation at issue and (2) was the policymaker for the local governing body for the purposes of the particular act." *Cortez v. Cty. of Los Angeles*, 294 F.3d 1186, 1189 (9th Cir. 2002) (internal quotations and citation omitted).

Defendant argues that Plaintiff alleges no policy, custom, or practice of Defendant that violated her constitutional or statutory rights, nor does she allege any other facts to support a § 1983 claim. Doc. 51 at 3. Plaintiff does not counter Defendant's argument, nor does she point to specific allegations in her complaint which state a claim for relief under § 1983. Doc. 57 at 7-10. Instead, Plaintiff cites an inapposite book on civil procedure, makes factual assertions the Court cannot consider, and refers to the First Amendment. *Id.* The Court cannot discern the basis for Plaintiff's § 1983 claim, and she fails to satisfy the *Monell* pleading standard for municipal liability. The Court will dismiss her § 1983 claims.

### 2. Family Educational Rights and Privacy Act.

Plaintiff refers to the Family Educational Rights and Privacy Act ("FERPA"). Doc. 25 at 25. She states: "The School District['s] egregious procedur[e] of falsifying, misrepresenting information and facts show[s] deliberate indifference clearly indicating intentional discrimination." *Id.* at 26. But as Defendant notes, Plaintiff does not clearly allege that Defendant discriminated against *her*. And in any event, "FERPA's nondisclosure provisions fail to confer enforceable rights." *Gonzaga Univ v. Doe*, 536 U.S. 272, 287 (2002). Plaintiff's response points to no authority or allegations supporting her FERPA claim. Doc. 57 at 13-14. The Court will dismiss the claim.

### 3. Disability Claims.

Plaintiff refers to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA") throughout her complaint. *See, e.g.*, Doc. 25 at 15-17, 19, 26. States covered by the IDEA must provide a free appropriate public education ("FAPE") to all eligible students with disabilities, and provide those students with special education and services according to that student's individualized education program. *Endrew F. v.*

*Douglas Cty. Sch. Dist.*, 137 S. Ct. 988, 993-93 (2017). Before a parent may sue under the IDEA, she must exhaust the act's administrative process by engaging in preliminary mediation and a due process hearing. *Id.* at 994; 20 U.S.C. §§ 1415(e), (f)(1)(B)(i), §§ 1415(f)(1)(A), (g), § 1415(i)(2)(A). Plaintiff fails to allege that she exhausted her administrative remedies before filing this suit. *See* Doc. 25. The Court will dismiss the claim.

Plaintiff cites the Rehabilitation Act § 504 and the Americans with Disabilities Act ("ADA") throughout her complaint. But the administrative exhaustion requirements of § 1415(I) of the IDEA also apply to claims seeking relief for the denial of a FAPE under the Rehabilitation Act and the ADA. 20 U.S.C. § 1415(I); *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 752 (2017). As noted, Plaintiff fails to plead administrative exhaustion. She also fails to plead any claims not encompassed within the IDEA. Plaintiff's response to Defendant's motion on this point is difficult to follow. She cites A.R.S. § 15-802, defines tolling of limitations, fails to respond to Defendant's arguments, and identifies no allegations in her complaint which plead exhaustion. Doc. 57 at 11-13. The Court will dismiss these claims.

### 4. Title IX.

Plaintiff cites, without explanation, Title IX of the Education Amendments of 1972. Doc. 25 at 46. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Plaintiff fails to allege Defendant discriminated against her on the basis of sex within the meaning of the statute. The Court will dismiss this claim.

### 5. Due Process.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. A liberty interest may

arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). Plaintiff's reference to the Fourteenth Amendment appears under a heading asserting that Defendant violated M.'s rights. Doc. 25 at 46-47. To the extent Plaintiff intends to assert a due process claim on her behalf, she fails to plead a violation of a liberty or property interest, or any substantive due process right. The Court will dismiss this claim.

### 6. Title VI and VII of the Civil Rights Act.

Plaintiff's complaint cites Title VII. Doc. 25 at 36. "Title VII prohibits employment discrimination on account of race, sex, religion, and national origin." *Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 536 (9th Cir. 1982) (citing 42 U.S.C. § 2000e-2(a)). Title VII provides, in pertinent part, that: "It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). To "establish a prima facie case of discrimination[,] . . . the plaintiff must show that (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1123 (9th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Plaintiff fails to allege that Defendant employed her and discriminated against her. The Court will dismiss this claim.

Plaintiff's complaint also refers to Title VI. Doc. 25 at 8, 15, 36-37. The first two references are mere citations without explanation. The third reference alleges that on February 2, 2016, M. "complained about being racially discriminate[d against]." *Id.* at 36. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial

assistance." 42 U.S.C. § 2000d. To plead a cause of action, a plaintiff must allege that the defendant is an entity engaging in racial discrimination and receives federal funding. *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir.1994), *overruled in part on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir.2001)). Plaintiff fails to allege sufficient facts to plausibly establish Defendant discriminated against her within the meaning of Title VI. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The Court will dismiss this claim and decline to address Defendant's statute of limitations argument.

### 7. 42 U.S.C. § 1985.

Plaintiff asserts "a cause of action under [42 U.S.C.] § 1985 for a conspiracy to deprive her of equal protection." Doc. 25 at 62. But "[t]he absence of a viable section 1983 claim necessarily precludes a section 1985 conspiracy claim predicated on the same allegations." *Warden v. Coolidge Unified Sch. Dist.*, No. CIV–07–2273–PHX–MHB, 2008 WL 5235165, at *5 (D. Ariz. Dec. 16, 2008) (citing *Caldeira v. Cty. Of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989)). Because Plaintiff has failed to assert a viable § 1983 claim, she cannot state a claim under § 1985. The Court will dismiss this claim.

### 8. Criminal Statutes and Fraud.

Plaintiff's response recognizes that her complaint includes various inapplicable criminal claims. Doc. 57 at 14-15. The complaint refers to or asserts claims under 18 U.S.C. § 242, 18 U.S.C. § 1519, and the Sixth Amendment. Doc. 25 at 46. These statutes and the Sixth Amendment are inapplicable in this civil case.

Finally, Plaintiff's response makes passing reference to Rule 9(b) and asserts she has alleged with particularity the circumstances constituting fraud. The Court cannot discern cognizable allegations of fraud in Plaintiff's complaint and will dismiss this claim.

## C. Dismissal Without Leave to Amend.

The Court will dismiss Plaintiff's second amended complaint without leave to amend. "Leave to amend need not be given if a complaint, as amended, is subject to

dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend her complaint. *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendment is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and has failed to do so despite specific instruction from the Court. The Court will therefore dismiss Plaintiff's second amended complaint without leave to amend.

### D. Defendant's Request for Attorneys' Fees.

Defendant requests attorneys' fees pursuant to 42 U.S.C. § 1988(b) for its defense of Plaintiff's "frivolous" claims. Doc. 51 at 9-10. Section 1988 and 42 U.S.C. § 2000e–5(k).2 "give a court the discretion to award attorney's fees to a prevailing defendant in certain civil rights lawsuits if the court finds that the plaintiff's action is 'frivolous, unreasonable, or without foundation.'" *Miller v. Los Angeles Cty. Bd. Of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987) (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978) (Title VII case)); *see also Hughes v. Rowe*, 449 U.S. 5, 14-16 (1980) (per curiam) (applying *Christiansburg* to 42 U.S.C. § 1983 case). "The strict nature of the *Christiansburg* standard is premised on the need to avoid undercutting Congress' policy of promoting vigorous prosecution of civil rights violations under Title VII and § 1983." *Id.* (citing *Hughes*, 449 U.S. at 14-15; *Christiansburg*, 434 U.S. at 422). This is particularly true when the plaintiff is pro se. *Id.* at 620. The Court is mindful of Defendant's costs in defending against this action. And at the parties' conference on May 3, 2018, Defendant's counsel represented that Plaintiff has filed as least two other lawsuits. Nonetheless, the Ninth Circuit directs the Court to recognize that pro se plaintiffs "cannot simply be assumed to have the same ability as a plaintiff represented by counsel to recognize the objective merit" of their claims. *Id.* The Court will deny Defendant's request for attorneys' fees.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Doc. 51) is **granted**. Plaintiff's complaint is dismissed with prejudice.

2. Defendant's request for attorneys' fees is **denied.**

3. Defendant's motions to strike (Docs. 63, 66) are **denied as moot.**

4. Plaintiff's motion for a preliminary injunction and three-judge panel (Doc. 58) is **denied as moot.**

Dated this 22nd day of October, 2018.

*David G. Campbell*
David G. Campbell
Senior United States District Judge